**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

JUL 0 9 2010

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

DODY BUSH-RETHERFORD,            )
                                 )
            Plaintiff,           )
                                 )       1:10 cv 52 Jmm
     v.                          )
                                 )       This case assigned to District Judge Moody
MSCB, INC.,                      )       and to Magistrate Judge Kearney
                                 )
            Defendant.           )

## COMPLAINT

NOW COMES the Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for her complaint against the Defendant, MSCB, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.   JURISDICTION & VENUE

2.    Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.    Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

4.    DODY BUSH-RETHERFORD, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Violet Hill, County of Izard, State of Arkansas.

5.    The debt that Plaintiff allegedly owed was incurred primarily for the personal use of Plaintiff and/or for household expenditure.

1

6.    At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7.    MSCB, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arkansas.  Defendant is incorporated in the State of Tennessee.

8.    The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9.    Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10.    During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11.    At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12.    At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.    <u>ALLEGATIONS</u>

13.    From in or around November 2009 through in or around May 2010, and on multiple occasions therein, Defendant initiated multiple automated telephone calls to Plaintiff in an attempt to collect a debt allegedly owed by Plaintiff.

14. During the aforesaid time period, and on multiple occasions therein, Plaintiff answered the aforementioned telephone calls and listened to Defendant's automated message.

15. During the aforesaid time period, and on multiple occasions therein, immediately after Plaintiff listened to the aforesaid message, Defendant would disconnect the telephone call with Plaintiff.

16. At no time during the course of the aforementioned automated messages heard by Plaintiff did Defendant provide information relative to the individual caller's identity.

17. At no time during the course of the aforementioned automated messages heard by Plaintiff did Defendant provide information relative to its identity.

18. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

        a. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6); and,

        b. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

19. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.    JURY DEMAND

20. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, DODY BUSH-RETHERFORD, by and through her attorneys, respectfully prays for judgment as follows:

        a. All actual compensatory damages suffered;

        b. Statutory damages of $1,000.00;

3

c.      Plaintiff's attorneys' fees and costs;

d.      Any other relief deemed appropriate by this Honorable Court.


Respectfully submitted,
**DODY BUSH-RETHERFORD**

By: _____
                David M. Marco
                Attorney for Plaintiff

Dated: June 30, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone:   (312) 222-9028 (x812)
Facsimile:   (888) 418-1277
E-Mail:       dmarco@smithlaw.us